This is an appeal by C.C. Bass, Jr., from an order of the Circuit Court of Covington County dismissing him as a party plaintiff in a shareholder's derivative action. We affirm in part, reverse in part, and remand with directions.
The shareholder's suit was commenced on July 24, 1985, by plaintiff/appellant Bass, a shareholder of Commercial Bank. The complaint named as defendants eight individual members of the 14-member board of directors of Commercial Bank. It asserted that the defendants, by intentional or negligent acts of mismanagement, had made bad or fraudulent loans that had depleted Commercial Bank's assets by approximately $13,000,000, and had led to the sale of Commercial Bank in August 1985.
Subsequent to the commencement of this action, Commercial Bank merged with New Commercial Bank, which is a subsidiary of First Alabama Bancshares ("First Alabama"). The action, as amended, also seeks recovery against First Alabama. The complaint asserted that First Alabama conspired with the board of directors to obtain the assets of Commercial Bank at a grossly inadequate price and thereby accomplish an extinction of the shareholder's derivative action with the merger.
On or about July 5, 1985, the shareholders of Commercial Bank received a letter from the board of directors announcing that no quarterly dividend had been declared at the regular meeting of the board of directors. The letter stated that, because Commercial Bank anticipated "writing off" a substantial amount in unpaid loans, it would experience a loss for the year. Then, around July 16, 1985, Bass (apparently along with the other shareholders) received another letter, this time informing him of a shareholders' special meeting to be held on August 15, 1985. The meeting, according to the letter, was being called for the purpose of approving a resolution that called for a plan of merger of Commercial Bank and First Alabama. This plan had been unanimously adopted and approved by the board of directors. The letter, moreover, contained a form for the shareholders to sign indicating a waiver of notice and consent to the action.
Bass, in his original complaint, filed before the merger, averred that no demand for redress of the alleged grievances had been made upon the board of directors or upon other stockholders prior to commencement of the action. He asserted that such demands would have been useless inasmuch as the alleged wrongdoers comprise a majority of the board of directors. He also maintained that the alleged wrongdoers and their families own a majority of Commercial Bank's stock. The plan of merger was approved by a majority of Commercial Bank's stockholders on August 15, 1985, and a certificate of merger was subsequently issued by the Secretary of State; both of these things occurred after this suit was filed.
All defendants (except one individual director) filed motions to dismiss and motions for summary judgment. The defendants asserted that Bass did not have standing to maintain a shareholder's derivative suit because the procedural requirements of Rule 23.1, A.R.Civ.P. (regarding demand on corporate directors and shareholders) had not been met. It was also asserted that Bass was not a fair and adequate representative because he had ceased to be a shareholder following the merger.
After filing a cross-claim naming as cross-defendants three of the nine directors who were then defendants, Commercial Bank moved the trial court to be realigned as a party plaintiff and moved that it be given exclusive control of the pending action. An order was then entered by the trial court on December 29, 1986, dismissing Bass. The court realigned Commercial Bank as a party plaintiff, and granted summary judgment in favor of First Alabama.
Individual defendant directors who had not been named in the Bank's cross-claim subsequently filed answers and moved to be dismissed from the action. As supporting grounds, they submitted that they had not been named in the cross-claim by the realigned party plaintiff, Commercial Bank.
The trial court made the dismissal, realignment, and summary judgment final *Page 860 
pursuant to Rule 54(b), A.R.Civ.P., and Bass appeals.
The preliminary issue presented is whether the trial court erred in dismissing the shareholder's derivative suit for Bass's failure to meet a two-pronged "standing to sue" test: 1) the procedural "notice" requirement of Rule 23.1, A.R.Civ.P.; and 2) the substantive "stockholder status" requirement to maintain a derivative action.
Both prongs of this issue, in the context of a merger, are fully discussed in Shelton v. Thompson, 544 So.2d 845 (Ala. 1989), released this same day, and that discussion need not be repeated here. Accordingly, we hold that the trial court erred in dismissing Bass's derivative action for Bass's "lacking of standing." Because of substantial differences in the two cases, however, that error does not, necessarily and of itself, require a reversal of the judgment in full in this case. To be sure, the judgment as to Bass's individual claim (as opposed to his derivative claim) is affirmed. See our discussion inShelton.
Therefore, the judgment is reversed as to Bass in his derivative capacity; the judgment is reversed as to First Alabama; and the cause is remanded for reconsideration of all of the issues in light of our holding today inShelton. In so holding, we are keenly aware that here, as distinguished from the situation in Shelton, the now "non-existent" entity (Old Bank) has been realigned as a party plaintiff; and that, in that capacity, Old Bank has filed claims against certain defendants. We note further, however, that these claims are not in all respects co-extensive with those asserted in Bass's derivative action. Indeed, Old Bank's position on this appeal (and understandably so) is entirely consistent with, and not antagonistic to, that of First Alabama (New Bank's sole stockholder), who remains as a party defendant for purposes of reconsideration upon remand.
Without restricting the scope of the trial court's reconsideration, we suggest the following factors that may be material to a further review of the issues: 1) Bass's right to, and necessity for, further discovery; 2) the likelihood (or unlikelihood) of a compatible relationship between Old Bank and Bass through which they could accomplish a common purpose (particularly if Bass is unable to prove any culpability on the part of First Alabama); 3) the improbability of effecting the maximum recovery by either plaintiff without the pursuit of the remedy by the other; 4) matters of self dealing, self interests, and conflict of interests; 5) the relationship of those individuals who would control Old Bank's role in the litigation with those defendants against whom the claims are being asserted; 6) the impact of the "Assistance Agreement" between the Federal Deposit Insurance Corporation and First Alabama and New Bank; and 7) the trial court's ability, under the totality of the circumstances, to sort out and assign the various claims between Old Bank and Bass in a manner compatible with the goal of achieving maximum recovery from the culpable parties for the ultimate benefit of the defrauded stockholders of Old Bank.
Any party aggrieved by the judgment after remand, within 21 days, may petition this Court for review, without the necessity of a new appeal or the payment of an additional filing fee. Upon receipt of a copy of such petition, the circuit court shall, within 14 days, certify the completed supplemental record to this Court; thereupon, the parties' briefing time shall be governed by Rule 31, A.R.App.P. For monitoring purposes in this Court, upon the entry of any judgment disposing of the issues for reconsideration upon remand, the circuit clerk shall, within 14 days, notify this Court of the entry of such judgment.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED WITH INSTRUCTIONS.
MADDOX, SHORES and ADAMS, JJ., concur.
TORBERT, C.J., and STEAGALL, J., concur in part and dissent in part.
BEATTY and HOUSTON, JJ., recuse. *Page 861