**UNITED STATES, et al.**

v.

**ACADIA WOODS ADD. # 2 SEWER CO., et al.**

**No. Civ.A. 6:98–0687.**

United States District Court, W.D. Louisiana, Lafayette–Opelousas Division.

March 22, 1999.

James L. Nelson, U.S. Atty's Office, Baton Rouge, LA, Susan Coppedge, Robert

---

E. Maher, Jr., James A. Lofton, U.S. Dept. of Justice, Environmental Enforcement Section, Washington, DC, Katherine W. Vincent, U.S. Atty.'s Office, Lafayette, LA, Lois J. Schiffer, U.S. Dept. of Justice, Washington, DC, for Plaintiff.

Hunter W. Lundy, Thomas P. LeBlanc, Lundy & Davis, Lake Charles, LA, Jenifer Schaye, Utility Mgmt. Svcs. Gen. Counsel, Baton Rouge, LA, Christopher A. Ratcliff, Ann Campbell, Baton Rouge, LA, C. Frank Holthaus, DeGravelles Palmintier & Holthaus, Baton Rouge, LA, for Defendants.

Johnson Properties Inc., Biloxi, MS, pro se.

Michael M. Johnson, Biloxi, MS, pro se.

## JUDGMENT

MELANÇON, District Judge.

After a hearing on the merits conducted March 15, 1999 through March 19, 1999 and in accordance with the Memorandum Ruling issued on this date,

IT IS ORDERED that based upon the broad range of equitable powers available to this Court to enforce and effectuate its orders and judgment and the authority to appoint a Receiver under the Louisiana Environmental Quality Act, La.R.S. 30:2075.3, Martin A. Schott is appointed Receiver of Johnson Properties, Inc. and its assets and all subsidiary corporations, including: Acadia Woods Add. # 2 Sewer Co., Acadiana Treatment Systems, Inc., ATS Utilities, Inc., Beaujolais Sewerage Service Corp., Brandywine Sanitation Corp., Cedar Bend Villas Sewer Co., Inc, Community Sewerage Service, Inc., Green Briar Sewer Co., Inc., Hunstock Hills Sewer Co., Inc., Pointe Coupee Sewerage, Inc., Rigolets Utilities, Inc., Seashore Utilities of Louisiana, Inc., Tara Development Corp., Thoroughbred Park Service Corp., Timberly Terrace Sewerage, Inc., Tri–B Sanitation Corporation, Twelve Cedars Sanitation Corp., Williams & Ingram Sewerage Co., Inc.

IT IS FURTHER ORDERED that the Receiver's powers shall be extremely broad and will include the paying and collecting of bills, and incurring debt; hiring necessary assistants, personnel and acquiring and repairing capital equipment. The Receiver shall also have expansive discretionary powers: to perform all acts he deems necessary to achieve in as expeditious a manner as possible, compliance with the Consent Decree entered by this Court on July 31, 1998 and full and complete compliance with the Clean Water Act, 33 U.S.C. § 1251, *et seq.*, and the Louisiana Environmental Quality Act, Louisiana Water Control Law, La.R.S. 30:2071, *et seq.*, including the sale of corporate property, the conveyance of corporate property, borrowing money, hiring necessary consultants and contractors, applying for tariff increases to the Commission of the Public Service Commission on a temporary and permanent basis, as appropriate, as well as full power to manage, control, convey, liquidate, and deal with all items, assets, properties, contracts, and other matters incident to the Receiver's responsibilities.

IT IS FURTHER ORDERED that the Receiver submit monthly operating reports to this Court and to the United States Bankruptcy Court for the Middle District of Louisiana, which reports shall contain all financial information of Johnson Properties, Inc. and its subsidiary defendant corporations, as well as all environmental information related to his efforts to bring defendants' Louisiana sewage treatment plants into compliance with their NPDES permits, the Clean Water Act, 33 U.S.C. § 1251, *et seq.*, and the Louisiana Environmental Quality Act, Louisiana Water Control Law, La.R.S. 30:2071, *et seq.*

IT IS FURTHER ORDERED that the Receiver shall be paid at the rate of One Hundred Seventy-five and No/100 Dollars ($175.00) per hour, subject to the approval of the United States Bankruptcy Court for the Middle District of Louisiana.

IT IS FURTHER ORDERED that Michael Johnson, Darren K. Johnson and Glenn K. Johnson are hereby enjoined, restrained and prohibited from going onto property belonging to defendants or from having any contact with defendants' employees or employees of any entity doing business with, or performing maintenance or any remedial measures to the facilities owned or operated by the defendants, without the prior approval of the Receiver, with the exception of Attorney Jenifer Schaye who is currently an employee of defendant Johnson Properties, Inc.'s subsidiary corporation, Utility Management Services, Inc., or from interfering in any way with the Receiver in the discharge of his duties;

IT IS FURTHER ORDERED that Michael M. Johnson, Darren K. Johnson and Glenn K. Johnson are to cooperate and assist the Receiver in any way that he deems necessary or appropriate;

IT IS FURTHER ORDERED that defendants' attorney of record, Jenifer Schaye, is to cooperate and assist the Receiver in any way that he deems necessary or appropriate, consistent with her ethical obligations under the Louisiana State Bar Association Rules of Professional Conduct and if a conflict should arise between any request made by the Receiver and Ms. Schaye's ethical obligations as attorney of record for the defendant corporations, she is to present the perceived conflict to the Court, in camera, for resolution, within twenty-four (24) hours of the conflict arising;

IT IS FURTHER ORDERED that defendants' employee Pascal C. Barranco is to cooperate and assist the Receiver in any way that he deems necessary or appropriate;

IT IS FURTHER ORDERED that the Secretary of the Louisiana Department of Environmental Quality, Dale Givens, to be accompanied by the Department's attorney of record in this proceeding, Christopher Ratcliff, is to conduct an in person meeting with each of the following Louisiana state officials within forty-five (45) days of the date of entry of this Judgment: the Governor, the Speaker of the House of Representatives, the President of the Senate, the chairs of the legislative committees that provide budget or other oversight of DEQ and DHH, the members of the Public Service Commission and the Secretary of the Department of Health and Hospitals. The purpose of the meetings with the foregoing officials is to (1) report to the officials on the facts and circumstances of this case and (2) to advise the officials of this Court's observations about a) the tension between the Department of Environmental Quality and the Department of Health and Hospitals, as it relates to sewage treatment facilities; b) streamlining the appeals procedure when a compliance order is issued by the Department of Environmental Quality consistent with due process as a result of a sewage treatment facility owner or operator being found to be in violation of its permit or of state or federal law, and c) creating a division within the Department of Environmental Quality, or within the Department of Health and Hospitals, to be individually funded based on demonstrated public health needs, dedicated solely to the permitting, inspecting, regulating and enforcement of permits and of state and federal environmental laws and regulations as it relates to sewage treatment facilities in the State of Louisiana.

IT IS FURTHER ORDERED that the Secretary of the Louisiana Department of Environmental Quality is to report to the Court on his meetings with the foregoing Louisiana state officials within fifty (50) days of the entry of this Judgment. The Secretary is to file an original of his report with the Clerk of this Court and a duplicate original with the attorney of record for the Environmental Protection Agency, and is to include the date, time, persons in attendance and length of each meeting.

IT IS FURTHER ORDERED that the United States through the Environmental Protection Agency is to make available to

the Receiver, for consultation purposes, at EPA's expense, all persons within its employ or with whom it has a contractual relationship to assist the Receiver in bringing defendants' sewage treatment facilities into compliance with their NPDES permits, the Clean Water Act, 33 U.S.C. § 1251, *et seq.*, and the Louisiana Environmental Quality Act, Louisiana Water Control Law, La.R.S. 30:2071, *et seq.*, including, but not limited to, Robert H. Reeves, William Hahn and Robert L. Harris.

IT IS FURTHER ORDERED that within ninety (90) days of the date of the entry of this Judgment, the United States through the Environmental Protection Agency is to submit a report to this Court advising the Court, based on the record of this proceeding as well as any information that it has in its possession or that it may obtain, as to the State of Louisiana's current ability through the Louisiana Department of Environmental Quality and the Louisiana Department of Health and Hospitals to meet its statutory obligation to comply with the Clean Water Act as it applies to sewage treatment facilities.

IT IS FURTHER ORDERED that the Administrator of the Environmental Protection Agency, Carol M. Browner, based on the record of this proceeding as well as any information that her Agency has in its possession or that it may obtain, is to advise this Court, within ninety (90) days of the entry of this Judgment, whether, in the opinion of the Administrator, a public hearing should be conducted pursuant to the provisions of 33 U.S.C. § 1342(c)(3).

This Judgment shall be considered a final judgment pursuant to Federal Rule of Civil Procedure Rule 54(b). Because of the immediate threat to the public health of the citizens and to the environment of the State of Louisiana, none of the actions required hereunder will be stayed by this Court pending appeal by the parties.

IT IS FURTHER ORDERED that this Court retains specific and continuing juris-

diction to enforce the provisions of this Judgment.