Michael M. JOHNSON, Plaintiff–
Appellant,

v.

UNITED STATES, Defendant–Appellee.

No. 01–5143.

United States Court of Appeals,
Federal Circuit.

Jan. 30, 2003.[1]

---

1. This opinion was made precedential on mo-
tion filed by the United States.

Joseph A. Prokop, Jr., of Baton Rouge, LA, argued for plaintiff-appellant.

Kathryn E. Kovacs, Attorney, Appellate Section, Environment & Natural Resources Division, Department of Justice, of Washington, DC, argued for defendant-appellee. With her on the brief were Thomas L. Sansonetti, Assistant Attorney General, Alan Brenner, and Elizabeth A. Peterson, Attorneys.

Before MICHEL, GAJARSA, and DYK, Circuit Judges.

GAJARSA, Circuit Judge.

Michael M. Johnson appeals the decision of the United States Court of Federal Claims granting the United States's motion for summary judgment as to Johnson's Fifth Amendment takings claim. *Johnson v. United States*, 49 Fed. Cl. 648 (2001). Because Johnson had no standing to bring the takings claim before the Court of Federal Claims, we affirm.

## BACKGROUND

Johnson was the sole shareholder and vice-president of Johnson Properties, Inc. ("JPI"), which was incorporated in the state of Mississippi. JPI owned a number of sewage and water treatment plants in Louisiana and several other states. In 1998, the United States, acting through the Environmental Protection Agency ("EPA"), sued JPI and some of its Louisi-ana subsidiaries claiming violations of the Clean Water Act, 33 U.S.C. §§ 1311, *et seq.* (1994). The state of Louisiana intervened in this enforcement action and added state law violations to the claim. On July 31, 1998, the District Court for the Western District of Louisiana ("Western District") entered a consent decree negotiated and executed by JPI and the respective state and federal governments. The consent decree, which received final approval on November 16, 1998, required JPI to take immediate steps toward abating its federal and state environmental violations. Inspections by the EPA in December 1998, however, revealed a total of 661 violations of the consent decree. Thereafter, in February 1999, the EPA and the state of Louisiana petitioned the district court for appointment of a receiver to ensure JPI's compliance with the consent decree.

On March 12, 1999, while the governments' petition for appointment of a receiver was pending in the Western District, JPI filed for bankruptcy under Chapter 11 of the bankruptcy statute, 11 U.S.C. §§ 1101, *et seq.* (2000), in the District Court for the Middle District of Louisiana. *In re Johnson Props., Inc.*, No. 99-10437 (Bankr.M.D.La. Mar. 12, 1999). Subsequent to the bankruptcy filing, the automatic stay, normally available under the bankruptcy laws, of the environmental enforcement action pending in the Western District, was denied by the bankruptcy court. JPI also moved directly before the Western District for a stay of the appointment of the receiver, which was denied. The Fifth Circuit also denied JPI's petition for a writ of mandamus on March 18, 1999. *In re Johnson Props., Inc.*, No. 99-30264 (5th Cir. Mar. 18, 1999). A trustee subsequently was appointed by the bankruptcy court to oversee the reorganization.

On March 22, 1999, the Western District granted the petition of the EPA and the state of Louisiana and ordered the appointment of a receiver to ensure compliance with the consent decree. *United States v. Acadiana Woods Add. # 2 Sewer Co.*, 41 F.Supp.2d 632 (W.D.La.1999). The receiver named by the Western District also was the same person as the trustee in bankruptcy. The receiver was granted "expansive discretionary" powers to do whatever was necessary to effect compliance with the consent decree and to prevent the continued violation of the state and federal environmental laws. The receiver also was given the authority to sell corporate property and to "manage, control, convey, liquidate, and deal with all items, assets, properties, contracts, and other matters incident to the Receiver's responsibilities." *Id.* The order also prohibited Johnson from interfering "in any way with the Receiver in the discharge of his duties." *Id.*

On April 22, 1999, Johnson appealed the Western District order to the Fifth Circuit, arguing that the appointment of a receiver with such broad powers constituted a taking under the Fifth Amendment. On May 3, 2000, the Fifth Circuit held that Johnson lacked standing as an individual shareholder to pursue a takings claim not brought on behalf of the corporation. *United States v. Acadiana Treatment Sys. Inc.*, No. 99–30476, 214 F.3d 1350 (5th Cir.2000).

On March 21, 2000, while the Fifth Circuit appeal was pending, Johnson filed a complaint alleging the same takings claim in the Court of Federal Claims. On May 16, 2000, after the Fifth Circuit's dismissal of his appeal, Johnson amended his complaint before the Court of Federal Claims to reflect that he was bringing his takings claim as a shareholder on behalf of JPI.

On June 26, 2001, the Court of Federal Claims issued its judgment. *Johnson*, 49 Fed.Cl. 648. The court noted that in the context of JPI's bankruptcy filing, Johnson could not bring a shareholder action unless the bankruptcy trustee abandoned the claim. *Id.* at 652. Such abandonment, the court determined, had not occurred. *Id.* at 653. Then, turning to the merits of Johnson's takings claim, the court found no valid takings claim and granted summary judgment in favor of the government also on this basis. Johnson timely appealed to this court. This court has jurisdiction pursuant to 28 U.S.C. § 1295(a)(3).

## STANDARD OF REVIEW

This court reviews a grant of summary judgment by the Court of Federal Claims *de novo*. *Alves v. United States*, 133 F.3d 1454, 1456 (Fed.Cir.1998) (citing *Foley Co. v. United States*, 11 F.3d 1032, 1034 (Fed. Cir.1993)). A grant of summary judgment by the Court of Federal Claims is proper if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *See* Fed. Cl. R. 56(c).

## DISCUSSION

■ A plaintiff bringing a derivative action in the Court of Federal Claims must be a shareholder at the time suit is brought. *See* Fed.R.Civ.P. 23.1 (referring to actions "brought by one or more shareholders or members to enforce a right of the corporation"); Fed. Cl. R. 23.1 (same language); *see also First Hartford Corporate Pension Plan & Trust v. United States*, 54 Fed. Cl. 298, 303 (2002) (stating that the Court of Federal Claims would be guided by interpretations of Fed.R.Civ.P. 23.1 in construing its own rule, Fed. Cl. R. 23.1, as the two provisions contained identical language). Moreover, we are persuaded that when a plaintiff bringing an action on behalf of the corporation is the legal owner of the stock at the time of

filing but does not maintain shareholder status throughout the course of the litigation, the plaintiff no longer has standing to bring the action. *See Schilling v. Belcher,* 582 F.2d 995, 996 (5th Cir.1978) (holding that shareholder whose shares were sold during pendency of derivative suit no longer had standing to continue bringing the action); *see also Lewis v. Chiles,* 719 F.2d 1044, 1047 (9th Cir.1983) (same).

█ Here, Johnson was a shareholder when he filed in the Court of Federal Claims in the spring of 2000. However, Johnson's shares were canceled under the plan of reorganization in bankruptcy, approved on September 15, 2000. Johnson therefore did not maintain his shareholder status throughout the litigation and as such his standing to bring the takings claim terminated.

Because we decide this case on the ground that Johnson lost standing to bring the takings claim because he was not a shareholder throughout the litigation, we need not reach the issue considered by the Court of Federal Claims and raised here on appeal of whether the bankruptcy trustee abandoned the takings claim such that Johnson was free to bring it on behalf of JPI. Nor need we address the Court of Federal Claims' analysis regarding whether Johnson, on the merits, presented a valid takings claim. We accordingly affirm the grant of summary judgment in favor of the government by the Court of Federal Claims.

*AFFIRMED.*