NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 05a0594n.06
Filed: July 13, 2005

Case No. 04-5494

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

TERRY PRINCE, Derivatively on behalf of )
Concord EFS, Inc.; STANLEY TSENG, )
                                 )
      **Plaintiffs-Appellants,** )      **ON APPEAL FROM THE**
                                 )      **UNITED STATES DISTRICT**
      **v.** )      **COURT FOR THE WESTERN**
                                 )      **DISTRICT OF TENNESSEE**
DAN M. PALMER; EDWARD A. LABRY, )
III; RONALD V. CONGEMI; RICHARD M. )
HARTER; DOUGLAS C. ALTERNBERN; )
RICHARD BUCHIGNANI; RICHARD P. )
KIPHART; JERRY D. MOONEY; PAUL L. )
WHITTINGTON; CONCORD EFS, INC., )
                                 )
      **Defendants-Appellees.**

---

**BEFORE: BATCHELDER and GRIFFIN, Circuit Judges; GADOLA,**[*] **District Judge.**

     **ALICE M. BATCHELDER, Circuit Judge.** Plaintiffs-Appellants Terry Prince and Stanley Tseng appeal the Fed. R. Civ. P. 12(b)(6) dismissal of their shareholder derivative claims alleging "breaches of fiduciary duty, abuse of control, corporate waste and gross mismanagement" against Defendants-Appellants, members of the Board of Directors ("Board") of Concord EFS, Inc. ("Concord"). The district court dismissed Plaintiffs' complaint for failure to make a demand on Concord's Board prior to suit, and failure to allege particularized facts sufficient to demonstrate that demand was excused under Delaware law. Shortly before the district court issued its opinion,

---

[*]The Honorable Paul V. Gadola, United States District Judge for the Eastern District of Michigan, sitting by designation.

Concord became a wholly owned subsidiary of First Data Corporation ("First Data") in a stock-for-stock transaction that converted Plaintiffs' Concord stock into shares of First Data. Because Plaintiffs are no longer shareholders of Concord, Delaware law requires that their complaint be dismissed for lack of standing.

## BACKGROUND

Plaintiff Terry Prince filed his initial complaint on September 13, 2002. On February 4, 2003, his action was consolidated with an action brought by Plaintiff Stanley Tseng, resulting in a Consolidated Verified Derivative Complaint filed on February 14, 2003. On May 1, 2003, Defendants moved to dismiss Plaintiffs' complaint for, *inter alia*, failure to make demand on Concord's Board as required by Delaware law.

On February 26, 2004, Concord merged with First Data. The merger converted all Concord stock into First Data stock at a rate of 0.365 First Data shares for each Concord share, and resulted in former Concord shareholders' owning 21% of First Data. On March 12, 2004, Defendants filed a supplemental Fed. R. Civ. P. 12(b)(6) motion to dismiss Plaintiffs' case for lack of standing under Delaware law, because Plaintiffs were no longer shareholders of Concord, the corporation on whose behalf they were suing. Plaintiffs filed their response on March 22, 2004. On March 31, 2004, the district court issued its opinion dismissing Plaintiffs' case for failure to allege particularized facts warranting excusal of their failure to make demand. The district court did not mention the standing issue in its opinion.

On appeal, Plaintiffs ignore the standing issue in their initial brief, but Defendants raise standing as a threshold issue in their response, and Plaintiffs address it in their reply.

## ANALYSIS

2

"Standing is a threshold issue in every case before a federal court." *United States v. Perry*, 360 F.3d 519, 540 (6th Cir. 2004) (Gibbons, J., dissenting) (citing *United States v. McVeigh*, 106 F.3d 325, 334 (10th Cir. 1997)). Whether Plaintiffs maintain standing to pursue their shareholder derivative action under the Delaware corporation statutes is an issue of statutory standing. *See, e.g., Trollinger v. Tyson Foods, Inc.*, 370 F.3d 602 (6th Cir. 2004) (treating the issue of whether the federal RICO statute grants a particular plaintiff a substantive right to sue as one of statutory standing). While Supreme Court precedent does not provide a clear answer as to whether the plaintiff's lack of statutory standing affects our court's jurisdiction, *see, e.g., Steel Co. v. Citizens For A Better Environment*, 523 U.S. 83, 89, 97, 101-02 (1998), we need not resolve that issue in this case. Defendants made a timely motion to dismiss for lack of statutory standing in the district court, to which Plaintiffs responded, and we are convinced that the district court should have granted that motion.

In the seminal case of *Lewis v. Anderson*, 477 A.2d 1040 (Del. 1984), the Delaware Supreme Court, interpreting relevant statutory provisions of the Delaware Corporation Law, held that in order to maintain standing, "a derivative shareholder must not only be a stockholder at the time of the alleged wrong and at time of commencement of suit but that he must also maintain shareholder status throughout the litigation." *Id.* at 1046. The court further clarified that "[a] plaintiff who ceases to be a shareholder, whether by reason of a merger or for any other reason, loses standing to continue a derivative suit." *Id.* at 1049. The court recognized but two narrow exceptions to this continuing ownership requirement for standing: "(1) where the merger itself is the subject of a claim of fraud; and (2) where the merger is in reality a reorganization which does not affect plaintiff's ownership of the business enterprise." *Id.* at 1046 n.10.

3

Plaintiffs offer three responses to *Anderson*. First, they argue that they fit within the first *Anderson* exception–that the First Data-Concord merger was a fraudulent attempt by Defendants to deprive them of standing. In the district court, Plaintiffs conjectured that the mere timing of the merger (seven months after their lawsuit was instituted) "at least raises the possibility that it was entered into in an attempt to deprive Plaintiff of standing," and then requested discovery to further pursue this theory. The fraud exception, however, requires Plaintiffs to allege "particularized facts" in support of fraud, *Lewis v. Ward*, 852 A.2d 896, 905 (Del. 2004), which Plaintiffs are clearly unable to do, as evidenced by the absence of any factual allegations at all and their request for discovery and "leave to amend [their] complaint to assert such a [fraudulent merger] claim if discovery warrants it."

Plaintiffs also try to fit their case under the second *Anderson* exception, characterizing the merger as a mere reorganization that does not affect Plaintiffs' ownership of the business enterprise. Plaintiffs' sole basis for this argument is a press release stating that "[t]he exchange of shares in the merger is expected to qualify as a tax-free reorganization." This statement, however, refers only to the tax consequences of the merger for Concord shareholders, not the nature of Plaintiffs' post-merger ownership interest. Plaintiffs received only 0.365 First Data shares for each Concord share, and they admit that Concord shareholders will constitute only 21% of the outstanding shares of First Data. Moreover, Plaintiffs do not refute Defendants' assertion that the First Data-Concord merger was a "seven billion dollar [merger] . . . between two unrelated pre-existing corporations, each with their own directors, officers, substantial assets and stockholders." This merger clearly does not qualify as a mere reorganization. *See Ward*, 852 A.2d at 904 (refusing to apply reorganization exception to "two distinct corporations, each with its own board of directors, officers, assets and

4

stockholders," whose merger was far more than a "corporate reshuffling," and which resulted in plaintiffs' possessing "property interests . . . distinctly different from that which they held as shareholders of [the old corporation]"); *Schreiber v. Carney*, 447 A.2d 17, 22 (Del. 1982) (applying reorganization exception, pre-*Anderson*, to a merger which resulted in "the shareholders of the old company owning all the shares of the new holding company").

Finally, Plaintiffs cite *Blasband v. Rales*, 971 F.2d 1034 (3d Cir. 1992), a Third Circuit case analogous to the one at bar, for the proposition that a plaintiff can maintain "double derivative" standing based upon his continuing, though diluted, interest in the new corporation that he owns. *Rales*, however, does not require us to find that Plaintiffs maintain standing in this case. First and foremost, *Rales* conflicts with Delaware law. Just last year in *Lewis v. Ward*, 852 A.2d 896 (Del. 2004), the Delaware Supreme Court re-affirmed its *Anderson* analysis, and in so doing, noted that the Delaware Chancery Court (in a subsequent *Rales* proceeding) "correctly held" that "[t]he Third Circuit's decision in *Blasband* [*v. Rales*] is . . . inconsistent with the clear holding of *Lewis v. Anderson*." *Id.* at 903-04. Therefore, it is clear to us that the Delaware Supreme Court, whose interpretation of Delaware law binds us, does not recognize the double derivative standing found by the Third Circuit in *Rales*. Furthermore, were we to recognize *Rales*'s double derivative standing, Plaintiffs would still have to amend their complaint to assert such standing. *See Rales*, 971 F.2d at 1043; *Ward*, 852 A.2d at 906. But neither in the district court, nor on appeal, have Plaintiffs expressed any interest in amending their complaint for this purpose.

Because under applicable Delaware law Plaintiffs no longer have standing to pursue their derivative lawsuit on behalf of Concord, we need not address the merits of the district court's opinion in order to affirm its dismissal of Plaintiffs' action.

5

**CONCLUSION**

For these reasons, we **REMAND** this matter to the district court, with instructions that it be

**DISMISSED** for lack of statutory standing.