Robert BACIGALUPO and Shirley
Bacigalupo, Appellants

v.

Jerome C. KOHLHEPP; John Doe # 1,
a Director and Chairman of First Na-
tional Bank of Northern Kentucky;
John Doe # 2, a Director and Chair-
man of First National Bank and The
Bank's Audit Committee; John Doe
# 3, a Director and Chairman of First
National Bank and The Bank's Exec-
utive Committee; John R. Kummer;
Raymond A. Mueller; James Pulsfort;
Richard M. Thomas; and John S.
Weber, Appellees.

No. 2006–CA–001020–MR.

Court of Appeals of Kentucky.

Nov. 16, 2007.

Stanley M. Chesley, James R. Cummins,
Waite, Schneider, Bayless & Chelsey Co.
L.P.A., Cincinnati, OH, for Appellants.

K. Gregory Haynes, Virginia Hamilton
Snell, Michelle D. Wyrick, Wyatt, Tarrant
& Combs, LLP, Louisville, Robert M.
Watt, III, Charles E. Shivel, Jr., Shannon
A. Singleton, Stoll, Keenon Ogden, PLLC,
Lexington, KY, H. Lawson Walker II,
Frost Brown Todd, LLC, Cincinnati, OH,
for Appellees.

Before LAMBERT, MOORE, and
NICKELL, Judges.

## OPINION AND ORDER

NICKELL, Judge.

Appellants, Robert and Shirley Baciga-
lupo[1] (hereinafter "Bacigalupo") brought
this shareholder's double derivative action
on behalf of FNB Bancorporation, Inc.
(hereinafter "FNB") in the Kenton Circuit
Court alleging the appellees, a minority of
the officers and directors of FNB, had
breached their fiduciary duties to FNB
thereby causing FNB and its wholly

---

1. Shirley Bacigalupo is now deceased.

owned subsidiary, First National Bank of Northern Kentucky (hereinafter "Bank"), to violate laws and suffer long-term financial losses. The trial court granted the appellees' separate motions to dismiss on April 18, 2006, holding that Bacigalupo had failed to make a demand on FNB's Board of Directors [2] or to particularize why such a demand would be futile, and had failed to name an indispensable party. This appeal followed.

During the pendency of this appeal, on or about May 18, 2007, FNB completed a merger with The Bank of Kentucky Financial Corporation and BOK Sub. Corp. As a result of the merger Bacigalupo's shares of stock in FNB were cancelled.[3] Shortly thereafter, the appellees filed a motion to dismiss this appeal alleging Bacigalupo was no longer a shareholder in FNB and thus had no standing to continue prosecuting the appeal. Bacigalupo filed a response in opposition arguing fundamental fairness and equity required continuation of the appeal. No Kentucky case has decided this issue and the parties cite only to opinions of other jurisdictions in support of their positions. After careful review of the cited cases and other extra-jurisdictional decisions, we hold Bacigalupo does not have standing to continue prosecuting this appeal.

■ KRS 271B.7–400(1) requires derivative actions to be initiated only by persons who were shareholders of the corporation at the time the transaction complained of occurred. There is no question Bacigalupo satisfied this requirement prior to commencing the instant action. However, KRS 271B.7–400(1) further states such actions "shall not be maintained if it appears that the person commencing the proceeding does not fairly and adequately represent the interests of the shareholders in enforcing the right of the corporation." The question presented then is whether a person must maintain shareholder status throughout the course of the litigation in order to retain standing.

As previously stated, there is no Kentucky case on point. However, the language of KRS 271B.7–400 is substantially the same as that found in Federal Rules of Civil Procedure (FRCP) 23.1. As such, cases interpreting FRCP 23. 1, while not binding on this Court, are both instructive and persuasive on this issue. Numerous state and federal courts from our sister jurisdictions have held continuous stock ownership in a corporation is implicitly required by FRCP 23.1 or state statutes and rules that mirror its language. *See Johnson v. United States*, 317 F.3d 1331, 1333–1334 (C.A.Fed.2003) (while plaintiff was a legal shareholder at the time an action was filed but did not maintain such status throughout the litigation he no longer had standing to pursue the action); *Prince v. Palmer*, 148 Fed.Appx. 249 (6th Cir.2005) (plaintiff who ceases to be a shareholder by virtue of merger or otherwise loses standing to continue derivative suit); *Billings v. GTFM, LLC*, 449 Mass. 281, 867 N.E.2d 714 (2007) (involuntary loss of ownership interest deprived plaintiff of standing in derivative action); *Lewis v. Chiles*, 719 F.2d 1044, 1047 (9th Cir. 1983) (shareholder who sells stock during

---

**2.** The requirement of making a pre-suit demand to the Board of Directors is set forth in Kentucky Revised Statutes (KRS) 271B.7–400(2).

**3.** The record reveals all FNB shareholders were entitled to a monetary payment for their shares as a result of the merger but were not entitled to retain the FNB shares, nor to receive shares in any surviving company. All shares of FNB were cancelled following the merger.

pendency of action loses standing to maintain derivative suit); *Issen v. GSC Enterprises, Inc.*, 538 F.Supp. 745 (D.C.Ill.1982) (loss of status as shareholder deprived litigant of ability to receive indirect benefit from corporate recovery and thus had no "adequate interest" to prosecute claim on derivative basis); *Issen v. GSC Enterprises, Inc.*, 508 F.Supp. 1278, 1295 (N.D.Ill. 1981) ("a plaintiff in a derivative suit must be a shareholder both at the time the suit is filed and at all relevant times during the pendency of the litigation"); *Portnoy v. Kawecki Berylco Industries, Inc.*, 607 F.2d 765 (7th Cir.1979) (shareholder must maintain his status and an action will abate if status lost before litigation ends); *Schilling v. Belcher*, 582 F.2d 995 (5th Cir.1978) (when shareholder sells stock pending appeal of favorable judgment in derivative action he loses standing to prosecute or defend cause except to extent judgment applies to him personally); *Tryforos v. Icarian Development Co., S.A.*, 518 F.2d 1258 (7th Cir.1975) cert. denied 423 U.S. 1091, 96 S.Ct. 887, 47 L.Ed.2d 103 (1976), *overruled on other grounds by Felzen v. Andreas*, 134 F.3d 873 (7th Cir.1998) (absent stockholder status a party has no interest in the judgment and no standing to challenge its dismissal); *Basch v. Talley Industries, Inc.*, 53 F.R.D. 9 (S.D.N.Y. 1971) (by virtue of a merger a corporation loses its capacity to sue, and thus it follows that shareholders lose right to sue derivatively).

Furthermore, in a long line of cases, Delaware courts at all levels have consistently upheld the continuous ownership rule. *See e.g., Heit v. Tenneco, Inc.*, 319 F.Supp. 884 (D.C.Del.1970); *Lewis v. Ward*, 852 A.2d 896 (Del.Supr.2004); *Lewis v. Anderson*, 477 A.2d 1040 (Del. 1984); *Bokat v. Getty Oil Co.*, 262 A.2d 246 (Del.1970); *Schreiber v. Carney*, 447 A.2d 17 (Del.Ch.1982); *Harff v. Kerkorian*, 324 A.2d 215 (Del.Ch.1974); *Braasch v. Goldschmidt*, 199 A.2d 760 (Del.Ch. 1964). Delaware has long been a bastion for corporate law and its development. It is therefore noteworthy that Delaware's case law regarding the requirement of continuous ownership in derivative actions is consistent with the aforementioned case law interpreting FRCP 23.1. Additionally, this court has previously adopted Delaware case law when examining corporate statutes such as KRS 271B.7–400. *See Allied Ready Mix Co., Inc. v. Allen*, 994 S.W.2d 4 (Ky.App.1988).

■ Because KRS 271B.7–400(1) mirrors the language of FRCP 23. 1, we are satisfied the previously cited case law interpreting the federal rule, in addition to Delaware's longstanding resolution of the continuous ownership question, represent the appropriate standard that Kentucky courts should apply. Accordingly, we hold continuous ownership by a shareholder to be a necessity in order to retain standing to prosecute a derivative action under KRS Chapter 271B in Kentucky.

In reaching this conclusion, we are mindful of the contrary position argued by Bacigalupo which has been followed by a minority of jurisdictions such as Alabama. *See e.g., Shelton v. Thompson*, 544 So.2d 845 (Ala.1989) (declining to hold standing lost by shareholder who was involuntarily divested of shares by virtue of a merger); *C.C. Bass v. First Alabama Bancshares*, 544 So.2d 858 (Ala.1989) (following reasoning set forth in *Shelton, supra*, decided on same day). However, we are not persuaded by this reasoning.

Pursuant to KRS 271B.11–060, when a merger takes effect, the surviving corporation obtains all assets, including causes of action, of the acquired corporation(s). Thus, under Kentucky law, the right to continue any pending derivative lawsuits would pass from the former shareholders

to the surviving corporation. Furthermore, the language of KRS 271B.7–400(1) requires the plaintiff to fairly and adequately represent the interests of the shareholders. In the event of a merger such as the one in the instant case, the corporation and its shareholders whose interests were intended to be represented in the derivative suit no longer exist. The former shareholders would receive no benefit from any corporate recovery. Therefore, they have no standing to maintain the action.

For the foregoing reasons, the Court ORDERS this appeal be DISMISSED as Bacigalupo no longer retains standing to prosecute the appeal.

ALL CONCUR.