**Nelson W. HAYWARD, Appellant,**

v.

**UNITED STATES TAX COURT, Appellee.**

**No. 85–1204.**

United States Court of Appeals, Eighth Circuit.

Submitted April 1, 1985.

Decided May 21, 1985.

Nelson Hayward, pro se.

No brief was filed by appellee.

Before BRIGHT, JOHN R. GIBSON and FAGG, Circuit Judges.

PER CURIAM.

Nelson W. Hayward sought review of a United States Tax Court decision by a petition for writ of error filed in federal district court.[1] The district court dismissed for lack of subject matter jurisdiction. We affirm the judgment of the district court and award the government attorneys' fees and double costs.

Hayward was convicted of willfully failing to file federal income tax returns for

---

1. The Honorable Ross T. Roberts, United States District Judge for the Western District of Missouri.

the tax years 1974 through 1977. The conviction was affirmed on appeal. *United States v. Hayward*, 603 F.2d 221 (1979). His post-conviction appeal was dismissed as frivolous. *Hayward v. Day*, 619 F.2d 716 (1980), *cert. denied* 446 U.S. 969, 100 S.Ct. 2951, 64 L.Ed.2d 830 (1980). Thereafter, Hayward petitioned the United States Tax Court for review of his 1973 through 1978 taxes. The Tax Court granted the Commissioner's revised motion for summary judgment and in addition imposed a civil fraud penalty. On appeal this court dismissed Hayward's claims as frivolous. *Hayward v. Commissioner*, 746 F.2d 1369 (8th Cir. 1984).

■ Hayward subsequently filed the instant petition for a writ of error in federal district court seeking review of the earlier Tax Court decisions. The district court properly held that it was without subject matter jurisdiction of Hayward's petition for writ of error, as exclusive jurisdiction to review Tax Court decisions rests with the Court of Appeals. 28 U.S.C. § 7482.

■ The record before us demonstrates that Hayward is no stranger to court proceedings. While the district court did not award fees and costs as the government's motion was considered moot, having been filed after the district court's sua sponte dismissal, we conclude that it is appropriate that we do so. As we said in *Denison v. Commissioner*, 751 F.2d 241, 242–43 (8th Cir.1984):

Damages and single or double costs are authorized by both 28 U.S.C. § 1912 and Fed.R.App.P. 38. *See, e.g., Taylor v. Sentry Life Ins. Co.*, 729 F.2d 652, 656–57 (9th Cir.1984); *Lively v. Commissioner*, 705 F.2d 1017 (8th Cir.1983); *United States v. Hart*, 701 F.2d 749 (8th Cir. 1983). We grant the appellees' request that this Court impose attorneys' fees and double costs as a sanction for the filing of this frivolous appeal. As was recently stated by the Seventh Circuit and quoted by this Court in *Lukovsky v.*

*Herstad*, 748 F.2d 499 (8th Cir.1984) at 500,

The doors of this courthouse are of course open to good faith appeals of what are honestly thought to be errors of the lower courts. But we can no longer tolerate abuse of the judicial review process by irresponsible taxpayers who press stale and frivolous arguments, without hope of success on the merits, in order to delay or harass the collection of public revenues or for other nonworthy purposes. Rule 38 of the Federal Rules of Appellate Procedure provides that a Court of Appeals may award just damages and single or double costs for frivolous appeals.... This Court has recently awarded reasonable attorneys' fees and double costs to the government for a frivolous tax appeal. Other circuits, recognizing the waste of limited judicial and administrative resources that such groundless sanctions have occasioned, have awarded damages or other extraordinary costs in cases such as these.

*See also Hansen v. United States*, 744 F.2d 658 (8th Cir.1984); *Ueckert v. Commissioner*, 721 F.2d 248 (8th Cir.1983); *Nordic Estates v. IRS*, 718 F.2d 1106 (8th Cir.1983).

We affirm the district court judgment dismissing the writ of error. Double costs are assessed against appellant Hayward. The government may file its motion with the court seeking a reasonable attorneys' fee.