T.C. Memo. 2001-131

UNITED STATES TAX COURT

DARLENE ROSE ESPOSITO a.k.a. AMNESTY INTERNATIONAL, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 4542-00.                    Filed June 6, 2001.

Darlene Rose Esposito, pro se.

<u>Donald M. Brachfeld</u>, for respondent.

MEMORANDUM OPINION

DEAN, <u>Special Trial Judge</u>:  Respondent determined
deficiencies in Federal income tax, and accuracy-related
penalties under section 6662[1] for petitioner Darlene Esposito as
follows:

---

[1]All section references are to the Internal Revenue Code in
effect for the years at issue.

| Year | Deficiency | Accuracy-Related Penalty Sec. 6662 |
|------|-----------|-----------------|
| 1996 | $6,719 | $1,344 |
| 1997 | 6,437 | 1,287 |
| 1998 | 8,635 | 1,727 |

Respondent determined deficiencies in Federal income tax for petitioner Amnesty International as follows:

| Year | Deficiency |
|------|-----------|
| 1996 | $5,200 |
| 1997 | 5,466 |
| 1998 | 10,173 |

With respect to Darlene Esposito (petitioner) the issues for decision are: (1) Whether petitioner is entitled to a capital loss deduction of $3,000 for 1996, 1997, and 1998; (2) whether petitioner is entitled to deduct for 1998, business expenses of $5,494 claimed on Schedule C, Profit or Loss From Business; (3) whether petitioner is entitled to cost of goods sold of $10,685 for 1998; (4) whether petitioner is liable for self-employment tax for 1998; (5) whether it was proper for petitioner to claim the earned income credit for 1996 and 1997; (6) whether it was proper for petitioner to claim prepayment credits from regulated investment companies for 1996, 1997, and 1998; and (7) whether petitioner underpaid her tax due to negligence or intentional disregard of rules or regulations.

The issue for decision as far as petitioner Amnesty International (Amnesty) is concerned is whether Amnesty is entitled to prepayment credits from regulated investment companies in each of the years 1996, 1997, and 1998.

Background

The stipulation of facts and the accompanying exhibits are incorporated herein by reference. Petitioner resided in and Amnesty was located at Rahway, New Jersey, at the time the petition in this case was filed.

Petitioner was involved in an automobile accident in which she received several injuries. As a result of her injuries petitioner was unable to work. She applied for and began receiving in October of 1989 Social Security disability benefits of $329 per month.

At some point petitioner applied for and received an employer identification number (EIN) under the name of "Amnesty International". Later, as a result of petitioner's filing a Form 5500-EZ, Annual Return of One-Participant (Owners and Their Spouses) Retirement Plan, that had no EIN or an incorrect EIN, the Internal Revenue Service assigned her an EIN in her name.

For the year 1996, petitioner filed a Form 5500-EZ using her EIN, listing herself as employer, listing "Name of plan" as Social Security disability insurance, and on the attached Schedule B, Actuarial Information, listing herself as "plan sponsor" and actuary. On the attached Schedule SSA, Annual Registration Statement Identifying Separated Participants With Deferred Vested Benefits, petitioner listed the "Name of plan sponsor (employer if for a single employer plan)" as Amnesty

International, using the number previously assigned to it. For both 1997 and 1998, petitioner filed Forms 5500-EZ in the name of Amnesty International, using her personal EIN and naming herself as actuary.

Amnesty is not incorporated in the State of New Jersey or in any other State of the United States. Petitioner is, as of March 24, 1992, authorized to conduct a "communication service" business in the State of New Jersey under the name "Amnesty International". Petitioner nevertheless filed Forms 1120, U.S. Corporation Income Tax Return, for Amnesty for 1996, 1997, and 1998. On Schedule K of the returns, it is represented that the business activity of Amnesty is "Auditing, Bookkeeping" and the product or service is "Research Service". According to petitioner, "Amnesty more or less is a business and it has to do with paralegal work that I do for myself with regard to various [personal] lawsuits that I have come across since my car accident".

The corporation return for Amnesty for 1996 reports as a tax payment on line 32f, "credit from regulated investment companies" of $5,200, and for 1997 and 1998, on line 32f, "credit for tax paid on undistributed capital gains" in the respective amounts of $5,840 and $10,173. Attached to each of the corporation returns are Forms 2439, Notice to Shareholder of Undistributed Long-Term Capital Gains, naming as the "Regulated Investment Company"

(RIC), Amnesty International and as the shareholder, Darlene Esposito. According to the testimony by petitioner, "with the refund that I get from my 1120, I reimburse myself from the Social Security benefits that I have used".

Attached to each of her Forms 1040 for the years at issue are Schedules C for Amnesty International. Amnesty is listed variously as being in the "communication service" business or the "community service" business. Also attached to each individual income tax return are two Forms 2439 ostensibly reporting undistributed long-term capital gains and tax paid by the RIC, Amnesty International, to "New Jersey Department of Labor" (Labor), as "shareholder", and the RIC, "Juman and Juman, A Professional Corporation" (Juman), to Darlene Esposito, as "shareholder". Petitioner was not a shareholder of Juman, but had been employed by the firm for a short period of time. For each tax year, petitioner added the credit amounts shown on the Amnesty and Juman Forms 2439 and deducted the total from her income tax liability as "other payments" on Form 2439. Petitioner deducted $6,000 in 1996, $6,114 in 1997, and $5,260 in 1998 from her current income tax liabilities. According to the testimony of petitioner, the amounts represent "my 401 early distributions because of my disability".

While she deducted the credits for tax paid, petitioner did not report as income on her Forms 1040 any of the purported

undistributed long-term capital gains from RIC's shown on the Forms 2439. See sec. 852(b)(3)(D). Instead, petitioner claimed on Schedule D, Capital Gains and Losses, of each of her returns a long-term capital loss of $3,000. According to petitioner's testimony, the capital loss deductions were taken because her insurance company, Prudential, did not pay an automobile insurance claim she had with them.

Petitioner presented no evidence that the Juman professional corporation was a RIC as described in section 851(a) and (b). By definition a RIC is a domestic corporation. See sec. 851(a). It is clear that Amnesty could not be a RIC because it is not a domestic corporation. Petitioner was not a shareholder of Juman or of Amnesty. Petitioner has not shown that either of the purported RIC's actually experienced any undistributed long-term capital gains or paid any tax on such gains. From petitioner's testimony it appears that Juman is a law firm that once briefly employed her and Amnesty International is the name petitioner uses when involved in matters related to her automobile accident. Neither petitioner nor Amnesty is entitled to credits for tax paid on undistributed long-term capital gains from RIC's.

Petitioner presented no documentary evidence or any fathomable testimonial evidence on any other issue in the case. The court has no evidence on which to base a finding that any of

respondent's determinations are incorrect, including the application of the section 6662 accuracy-related penalty.

Respondent's determinations as to both petitioners are sustained.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>for respondent</u>.