Darlene R. ESPOSITO, Plaintiff,

v.

COMMISSIONER OF INTERNAL REVENUE, Defendant.

Civil Action No. 01–1912.

United States District Court, District of Columbia.

July 9, 2002.

Darlene Esposito, Rahway, NJ, pro se.

Mark L. Joseph, U.S. Dept. of Justice, Washington, DC, for defendant.

## *MEMORANDUM ORDER*

URBINA, District Judge.

GRANTING THE DEFENDANT'S MOTION TO DISMISS; DISMISSING THE PLAINTIFF'S MOTION FOR A PROTECTIVE ORDER; DISMISSING THE PLAINTIFF'S MOTION FOR DECLARATORY JUDGMENT

### I.  INTRODUCTION AND BACKGROUND

This matter comes before the court on the *pro se* plaintiff's motions for a declaratory judgment and a protective order and the defendant's motion to dismiss for lack of subject-matter jurisdiction. The plaintiff's petition for declaratory and injunctive relief arises out of an adverse decision of the United States Tax Court in which that court determined that the plaintiff, Darlene R. Esposito, owed tax deficiencies for years 1996, 1997, and 1998. Def.'s Mot. to Dismiss at 1–2; *Esposito v. Comm'r of Internal Revenue*, No. 4542–00 (U.S.Tax Ct.2001). Following that decision and an unsuccessful request for reconsideration, the plaintiff filed an action with this court on September 10, 2001. *Esposito v. Comm'r of Internal Revenue*, No. 4542–00 (T.C. July 18, 2001); Compl. The plaintiff also filed an appeal in the U.S. Court of Appeals for the Third Circuit in September 2001. Docket, *Esposito v. Comm'r of Internal Revenue*, No. 01–3617 (3d Cir.) (showing that the appeal was filed on Sep-

tember 25, 2001). The defendant moves to dismiss the plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject-matter jurisdiction, arguing that only the United States Courts of Appeals may review a decision of the Tax Court.

## II. DISCUSSION

### A. Legal Standard for a Motion to Dismiss

■ On a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1), the plaintiff bears the burden of establishing that the court has jurisdiction. *District of Columbia Retirement Bd. v. United States,* 657 F.Supp. 428, 431 (D.D.C.1987). In evaluating whether subject-matter jurisdiction exists, the court must accept all the complaint's well-pled factual allegations as true and draw all reasonable inferences in the plaintiff's favor. *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974), *overturned on other grounds by Harlow v. Fitzgerald,* 457 U.S. 800, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982). The court need not, however, accept inferences unsupported by the facts alleged or legal conclusions that are cast as factual allegations. *E.g., Lawrence v. Dunbar,* 919 F.2d 1525, 1529 (11th Cir.1990).

■ Moreover, the court need not limit itself to the allegations of the complaint. *Hohri v. United States,* 782 F.2d 227, 241 (D.C.Cir.1986), *vacated on other grounds by* 482 U.S. 64, 107 S.Ct. 2246, 96 L.Ed.2d 51 (1987). Rather, the court may consider such materials outside the pleadings as it deems appropriate to determine whether it has jurisdiction in the case. *Herbert v. Nat'l Acad. of Sciences,* 974 F.2d 192, 197 (D.C.Cir.1992).

### B. This Court Dismisses the Complaint for Lack of Subject Matter Jurisdiction

■ In reviewing jurisdictional issues, a court cannot ignore statutory restrictions on its jurisdiction. The Internal Revenue Code explicitly addresses judicial review of the decisions of the Tax Court: "The United States Courts of Appeals ... shall have exclusive jurisdiction to review the decisions of the Tax Court...." 26 U.S.C. § 7482(a)(1); *Hayward v. United States Tax Court,* 762 F.2d 706, 707 (8th Cir. 1985) *(per curiam )* (recognizing that exclusive jurisdiction to review Tax Court decisions rests with the Court of Appeals). Applying this standard to the instant case, the court holds that it lacks subject-matter jurisdiction over this matter. *See* FED. R.CIV.P. 12(b)(1).

The plaintiff describes her complaint as an "appeal ... filed with respect to the decision rendered in the Tax Court." Pl.'s Compl. at 2. In her motion, the plaintiff also refers to this action as an appeal. Pl.'s Mot. for Declaratory J. at 1–2. Considering the plaintiff's complaint and litigation in the United States Tax Court, the court concludes that the plaintiff seeks review of the June 18, 2001 Tax Court decision. Because the plain language of 26 U.S.C. § 7482 prohibits such a review, the court lacks subject-matter jurisdiction to decide the merits of this case. *See Hayward,* 762 F.2d at 707.

After determining that it lacks jurisdiction, the court may dismiss a party's claims under Rule 12(b)(1) or transfer the dispute to a court with jurisdiction. 28 U.S.C. § 1631. Under this statute, transfer to cure a want of jurisdiction is required "if it is in the interest of justice" to do so. *Id.* The legislative history of Section 1631 indicates that Congress contemplated that the section would provide assistance to those parties who were "confused

**46**

about the proper forum for review." *American Beef Packers, Inc. v. Interstate Commerce Comm'n,* 711 F.2d 388, 390 (D.C.Cir.1983).

Confusion about the proper forum is certainly understandable when the litigants are *pro se,* as is this plaintiff. Because the plaintiff has already properly filed an appeal with the Third Circuit, however, the interest of justice does not warrant transferring this case to the Third Circuit, thereby adding a duplicative case to that court's docket. Docket, *Esposito v. Comm'r of Internal Revenue,* No. 01–3617 (3d Cir.). Consequently, the court dismisses the plaintiff's case for lack of subject-matter jurisdiction. Because the court lacks jurisdiction over this case, the court also dismisses without prejudice the plaintiff's other motions.

Accordingly, it is this __ day of July 2002,

**ORDERED** that the defendant's motion to dismiss is **GRANTED;** and it is

**FURTHER ORDERED** that the plaintiff's motion for declaratory judgment is **DISMISSED without prejudice;** and it is

**ORDERED** that the plaintiff's motion for a protective order is **DISMISSED without prejudice.**

**SO ORDERED.**