T.C. Memo. 2004-221

UNITED STATES TAX COURT

DARLENE R. ESPOSITO, a.k.a. AMNESTY NATIONAL, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 4178-03.          Filed September 29, 2004.

Darlene R. Esposito, a.k.a. Amnesty National, pro se.

<u>Nancy C. Carver</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

CHIECHI, <u>Judge</u>:  Respondent determined a deficiency of $534
in petitioner's Federal income tax (tax) for 1999.  Prior to
trial, respondent conceded that deficiency.

The only issue remaining for decision is whether petitioner
made an overpayment of tax (overpayment) for her taxable year
1999.  We hold that she did not.

FINDINGS OF FACT

Some of the facts have been stipulated and are so found.

At the time petitioner filed the petition, she resided in Rahway, New Jersey.

Petitioner timely filed Form 1040, U.S. Individual Income Tax Return, for her taxable year 1999 (1999 return). In petitioner's 1999 return, petitioner reported taxable income of $744.67, total tax of $288.66, tax withheld of $2,734, and other tax payments (other tax payments) of $6,000 and claimed an overpayment and refund of $8,445.34.

In support of the other tax payments of $6,000 reported in her 1999 return, petitioner attached two Forms 2439, Notice to Shareholder of Undistributed Long-Term Capital Gains (Form 2439), that she prepared. Form 2439 is a form that the Internal Revenue Service (Service) requires a regulated investment company (RIC) or a real estate investment trust (REIT) to file with the Service and to send to its shareholders with respect to its undistributed long-term capital gains.

The respective Forms 2439 that petitioner prepared and that she attached to her 1999 return showed, inter alia, the following information:

| Name of Regulated Investment Company or Real Estate Investment Trust | Name of Shareholder | Total Undistributed Long-Term Capital Gains | Tax Paid by the RIC or REIT on Total Undistributed Long-Term Capital Gains |
|---|---|---|---|
| New Jersey Department of Labor Division of Environmental Protection | Darlene Esposito | $12,000 | $3,000 |

| Name of Regulated Investment Company or Real Estate Investment Trust | Name of Shareholder | Total Undistributed Long-Term Capital Gains | Tax Paid by the RIC or REIT on Total Undistributed Long-Term Capital Gains |
|---|---|---|---|
| New Jersey Department of Labor | Amnesty International | $13,000 | $3,000 |

Petitioner did not pay to the Service from any of her personal accounts, including her checking account, the other tax payments of $6,000 that she reported in her 1999 return with respect to which she is claiming an overpayment.

On or about August 7, 2000, respondent notified petitioner that it had changed petitioner's 1999 return and had determined that petitioner was entitled to a refund of $2,445.34, and not $8,445.34 as claimed in that return, for her taxable year 1999. On a date not disclosed by the record after August 7, 2000, respondent sent petitioner a $2,445.34 refund check.

Around September 2000, petitioner filed (1) Form 1040X, Amended U.S. Individual Income Tax Return (Form 1040X), (2) Form 1045, Application for Tentative Refund (Form 1045), and (3) Form 843, Claim for Refund and Request for Abatement (Form 843), with

respect to petitioner's taxable year 1999.[1]

In Form 1040X, petitioner claimed an overpayment and refund of $6,243.  In Form 1045, petitioner claimed an overpayment and refund of $6,735.  In Form 843, petitioner claimed a refund of $7,099.

Respondent issued to petitioner a notice of deficiency (notice) for her taxable year 1999.  As noted above, respondent conceded the deficiency determined in the notice.

OPINION

Petitioner bears the burden of proving that she made an overpayment for her taxable year 1999.  See Rule 142(a);[2] <u>Welch v. Helvering</u>, 290 U.S. 111, 115 (1933).

In support of her position that she made an overpayment for her taxable year 1999, petitioner relies on her own self-serving testimony and certain documentary evidence.  With respect to petitioner's testimony, we found her testimony to be vague, uncorroborated, and incomprehensible in many respects.  We shall not rely on petitioner's testimony to establish her position in this case that she made an overpayment for 1999.

With respect to the documentary evidence on which petitioner relies, petitioner introduced into the record, inter alia, her

---

[1]Form 1040X, Form 1045, and Form 843 also indicated that such forms related to a fiscal year ended Apr. 15, 2000.

[2]All Rule references are to the Tax Court Rules of Practice and Procedure.

1999 return to which she attached Forms 2439 and various letters (various letters) from certain banks and certain Federal and New Jersey State agencies. Petitioner conceded at trial, and we have found, that she prepared Forms 2439 that showed other tax payments of $6,000 that were allegedly made for her taxable year 1999. We find Forms 2439 attached to petitioner's 1999 return on which she relies to be unreliable. We further find that the various letters on which petitioner relies do not establish any facts that support petitioner's claimed overpayment for 1999. We shall not rely on Forms 2439 or the various letters to establish petitioner's position in this case.

On the record before us, we find that petitioner has failed to carry her burden of establishing that she has made an overpayment for her taxable year 1999.

We have considered all the contentions and arguments of petitioner that are not discussed herein, and we find them to be incomprehensible, irrelevant, and/or without merit.

To reflect the foregoing and the concession of respondent,

<u>Decision will be entered reflecting no deficiency in, and no overpayment of, tax</u>.