Darlene R. ESPOSITO, Plaintiff,

v.

**UNITED STATES, Defendant.**

No. 05–475T.

United States Court of Federal Claims.

Sept. 20, 2005.

---

---

Darlene Esposito, Maywood, NJ, pro se.

William Charles Rapp, U.S. Department of Justice, Washington, DC, for Defendant.

1. The Tax Court found the IRS had paid the plaintiff a refund in the amount of $2,445.34 for the 1999 tax year and that plaintiff's claim for an additional refund was without merit.

2. Section 7482(a)(1) provides that:
   The United States Courts of Appeals (other than the United States Court of Appeals for the Federal Circuit) shall have exclusive jurisdiction to review the decisions of the Tax Court . . . in the same manner and to the same extent as decisions of the district courts in civil actions tried without a jury; and the judgment of any such court shall be final, except that it shall be subject to review by the Supreme Court of the United States upon certiorari, in the manner provided in section 1254 of Title 28 of the United States Code.
   26 U.S.C. § 7482(a)(1) (2000).

3. As noted, plaintiff sought and received a decision on her 1999 tax year claim in the United States Tax Court. *Esposito v. Comm'r*, 88 T.C.M. (CCH) 311, 2004 WL 2181077 (2004). Additionally, plaintiff has filed no fewer than twenty-four other actions in state and federal courts, all of which were dismissed. *See Esposito v. Comm'r*, No. 02–5295, 2002 WL 31818480, at *1 (D.C.Cir. Dec.13, 2002); *Esposito v. Shalala*, 9 F.3d 1540 (3d Cir.1993) (table), *cert. denied*, 513 U.S. 1113, 115 S.Ct. 906, 130 L.Ed.2d 789 (1995); *Esposito v. Comm'r*, No. 04–2196, 2005 WL 567314, at *3

**ORDER**

HORN, Judge.

Plaintiff Darlene R. Esposito has filed a *pro se* complaint to claim a refund for the 1999 and 2000 tax years. Plaintiff alleges that the Internal Revenue Service (IRS) miscalculated her tax refund for the 1999 and 2000 tax years. Plaintiff alleges she is owed $6,234.00 for tax year 1999 and $6,711.00 for tax year 2000.

▮ As defendant points out, plaintiff's claim for an additional refund for tax year 1999 already was filed in, and rejected by, the United States Tax Court. See *Esposito v. Comm'r*, 88 T.C.M. (CCH) 311, 2004 WL 2181077 (2004).[1] Under 26 U.S.C. § 7482(a)(1) (2000), jurisdiction resides in the appropriate United States Circuit Court of Appeals to review decisions of the United States Tax Court.[2] Accordingly, the Court of Federal Claims has no jurisdiction to hear plaintiff's claim for an additional refund for the 1999 tax year. Therefore, defendant's motion to dismiss the plaintiff's 1999 tax year claim pursuant to RCFC 12(b)(1) is **GRANTED**.[3]

(D.N.J.2005) (dismissing plaintiff's claim for additional refund for tax years 1996, 1997, and 1998 for lack of jurisdiction). In *Esposito v. Commissioner, IRS*, 2005 WL 567314, at *1, the United States District Court for the District of New Jersey cited thirteen other cases from the District of New Jersey, noting, "all of which were summarily dismissed": *Esposito v. Citibank S.D.*, No. 01–6147 (filed Dec. 27, 2001); *Esposito v. Cedar Oaks Care Facility*, No. 99–3537 (filed July 26, 1999); *Esposito v. Panebianco*, No. 98–3114 (filed July 2, 1998); *Esposito v. Sec'y, Health Humans Svcs.*, No. 92–3586 (filed Aug. 25, 1992); *Esposito v. Juman & Juman Corp.*, No. 92–1 (filed Jan. 2, 1992); *Esposito v. Heritage Square at Rahway Inc.*, No. 90–4820 (filed Dec. 4, 1990); *Esposito v. Cent. Jersey Orthopedic Assocs.*, No. 90–3901 (filed Oct. 1, 1990); *Esposito v. Heritage Square Condo Ass'n, Inc.*, No. 90–2717 (filed July 16, 1990); *Esposito v. Bd. of Review*, No. 90–2532 (filed June 26, 1990); *Esposito v. All State Ins. Co.*, No. 90–1810 (filed May 7, 1990); *Esposito v. Tsekouras*, No. 90–1593 (filed Apr. 19, 1990); *Esposito v. Juman*, No. 90–1609 (filed Apr. 18, 1990); *Esposito v. Soc. Sec. Admin.*, No. 90–668 (filed Feb. 20, 1990). *See also Esposito v. Comm'r*, 208 F.Supp.2d 44, 46 (D.D.C.2002) (dismissing plaintiff's claim for additional refund for tax years 1996, 1997, and 1998 for lack of jurisdiction); *Esposito v. United States*, No. 02–271C (Fed.Cl. filed April 3, 2002), *reh'g denied* (2002);

With respect to plaintiff's claim for an additional refund for the 2000 tax year,[4] the Court of Federal Claims has jurisdiction under its general Tucker Act jurisdiction "to render judgment upon any claim against the United States ...." 28 U.S.C. § 1491(a) (2000). Furthermore, 28 U.S.C. § 1346 provides that the Court of Federal Claims shall have concurrent jurisdiction with the Federal District Courts of:

> Any civil action against the United States for the recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected, or any penalty claimed to have been collected without authority or any sum alleged to have been excessive or in any manner wrongfully collected under the internal-revenue laws
> ....

28 U.S.C. § 1346(a)(1) (2000). The record provided to the court does not reflect that plaintiff has initiated an action in another federal court to recover an additional refund for the 2000 tax year. The Court of Federal Claims, therefore, has jurisdiction to hear plaintiff's claim for an additional refund for the tax year 2000. Whether or not plaintiff actually recovers on her tax year 2000 refund claim remains to be decided.

Defendant further argues that plaintiff's tax refund claim for both tax years 1999 and 2000 should be dismissed pursuant to RCFC 12(b)(6) for failure to state a claim upon which relief could be granted. A court may dismiss a plaintiff's claims for failure to state a claim when no additional proceedings would enable the plaintiff to prove facts entitling him or her to prevail. *New York Life Ins. Co. v. United States,* 190 F.3d 1372, 1377 (Fed.Cir.1999); *Constant v. United States,* 929 F.2d 654, 657 (Fed.Cir.) ("Nor is due process violated by a dismissal, even sua sponte, for failure to state a claim.... [N]o additional proceedings could have enabled

Constant to prove any set of facts entitling him to prevail on his claim for relief."), *cert. denied,* 501 U.S. 1206, 111 S.Ct. 2799, 115 L.Ed.2d 973 (1991); *see also Phonometrics, Inc. v. Hospitality Franchise Sys., Inc.,* 203 F.3d 790, 793–94 (Fed.Cir.2000) (the particular facts of the case did not support a sua sponte dismissal for failure to state a claim). The court should dismiss a case for failure to state a claim only if "it appears beyond doubt that [plaintiff] can prove no set of facts in support of [its] claim which would entitle [it] to relief." *Davis v. Monroe County Bd. of Educ.,* 526 U.S. 629, 654, 119 S.Ct. 1661, 143 L.Ed.2d 839 (1999) (quoting *Conley v. Gibson,* 355 U.S. 41, 46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)); *see also Boyle v. United States,* 200 F.3d 1369, 1372 (Fed.Cir.2000); *New Valley Corp. v. United States,* 119 F.3d 1576, 1579 (Fed.Cir.), *reh'g denied, en banc suggestion declined* (1997); *Consolidated Edison Co. v. O'Leary,* 117 F.3d 538, 542 (Fed.Cir. 1997), *cert. denied,* 522 U.S. 1108, 118 S.Ct. 1036, 140 L.Ed.2d 103 (1998); *Gould, Inc. v. United States,* 67 F.3d 925, 929–30 (Fed.Cir. 1995); *Highland Falls–Fort Montgomery Cent. School Dist. v. United States,* 48 F.3d 1166, 1169 (Fed.Cir.), *cert. denied,* 516 U.S. 820, 116 S.Ct. 80, 133 L.Ed.2d 38 (1995); *Hamlet v. United States,* 873 F.2d 1414, 1416 (Fed.Cir.1989); *W.R. Cooper Gen. Contractor, Inc. v. United States,* 843 F.2d 1362, 1364 (Fed.Cir.1988) ("When the facts alleged in the complaint reveal 'any possible basis on which the non-movant might prevail, the motion [to dismiss] must be denied.'"); *RCS Enterps., Inc. v. United States,* 46 Fed.Cl. 509, 513 (2000).

When deciding on a motion to dismiss based on failure to state a claim, this court must assume that all undisputed facts alleged in the complaint are true and must draw all reasonable inferences in the non-movant's favor. *See Conley v. Gibson,* 355 U.S. at 45–

---

*Esposito v. Comm'r,* 81 T.C.M. (CCH) 1718 (2001) (ruling that plaintiff was not owed an additional refund on for tax years 1996, 1997, and 1998), *aff'd,* 64 Fed.Appx. 348 (3d Cir.2003) (table); *Esposito v. United States,* No. 98–498C (Fed.Cl. filed June 11, 1998), *aff'd,* 178 F.3d 1310 (Fed.Cir.1998) (table); *Esposito v. New Jersey Div. of Taxation,* 158 N.J. 72, 726 A.2d 936 (1999) (table); *Esposito v. Njafiua,* 161 N.J. 149, 735 A.2d 574 (1999) (table); *Esposito v. Dep't of*

*Labor, Bd. of Review,* 140 N.J. 327, 658 A.2d 726 (1995) (table); *Esposito v. Dep't of Labor, Bd. of Review,* 122 N.J. 164, 584 A.2d 230 (1990).

**4.** The record demonstrates the IRS issued a refund to the plaintiff for the 2000 tax year in the amount of $2,017.00. Plaintiff contends she is owed an additional $6,711.00.

46, 78 S.Ct. 99; *Boyle v. United States,* 200 F.3d at 1372; *Perez v. United States,* 156 F.3d 1366, 1370 (Fed.Cir.1998); *Henke v. United States,* 60 F.3d 795, 797 (Fed.Cir. 1995); *Highland Falls–Fort Montgomery Cent. School Dist. v. United States,* 48 F.3d at 1167 (citing *Gould, Inc. v. United States,* 935 F.2d 1271, 1274 (Fed.Cir.1991)); *Hamlet v. United States,* 873 F.2d at 1416; *Ho v. U.S.,* 49 Fed.Cl. 96, 100 (2001), *aff'd,* 30 Fed. Appx. 964 (2002); *Alaska v. United States,* 32 Fed.Cl. at 695. If a defendant or the court challenges jurisdiction or plaintiffs' claim for relief, however, the plaintiffs cannot rely merely on allegations in the complaint, but must instead bring forth relevant, competent proof to establish jurisdiction. *McNutt v. Gen. Motors Acceptance Corp. of Ind.,* 298 U.S. 178, 189, 56 S.Ct. 780, 80 L.Ed. 1135 (1936); *see also Reynolds v. Army & Air Force Exch. Serv.,* 846 F.2d 746, 747 (Fed. Cir.1988); *Catellus Dev. Corp. v. United States,* 31 Fed.Cl. 399, 404–05 (1994). "A motion to dismiss under Rule [12(b)(6)] for failure to state a claim upon which relief can be granted is appropriate when the facts asserted by the claimant do not under the law entitle him to a remedy." *Perez v. United States,* 156 F.3d at 1370.

The court acknowledges that the plaintiff is proceeding *pro se.* Normally, *pro se* plaintiffs are entitled to liberal construction of their pleadings. *See Haines v. Kerner,* 404 U.S. 519, 520–21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972) (requiring that allegations contained in a *pro se* complaint be held to "less stringent standards than formal pleadings drafted by lawyers"), *reh'g denied,* 405 U.S. 948, 92 S.Ct. 963, 30 L.Ed.2d 819 (1972); *see also Hughes v. Rowe,* 449 U.S. 5, 9–10, 101 S.Ct. 173, 66 L.Ed.2d 163 (1980); *Estelle v. Gamble,* 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976), *reh'g denied,* 429 U.S. 1066, 97 S.Ct. 798, 50 L.Ed.2d 785 (1977). The United States Court of Appeals for the Federal Circuit has similarly stated that "the pleadings of *pro se* litigants should be held to a lesser standard than those drafted by lawyers when determining whether the complaint should be dismissed for failure to state a claim because '[a]n unrepresented litigant should not be punished for his failure to recognize subtle factual or legal deficiencies

in his claims.' " *Forshey v. Principi,* 284 F.3d 1335, 1357 (Fed.Cir.2002) (quoting *Hughes v. Rowe,* 449 U.S. 5, 15, 101 S.Ct. 173, 66 L.Ed.2d 163 (1980)), *cert. denied,* 537 U.S. 823, 123 S.Ct. 110, 154 L.Ed.2d 33 (2002). However, "there is no 'duty [on the part] of the trial court ... to create a claim which appellant has not spelled out in his pleading ....'" *Scogin v. United States,* 33 Fed.Cl. 285, 293 (1995) (quoting *Clark v. Nat'l Travelers Life Ins. Co.,* 518 F.2d 1167, 1169 (6th Cir.1975)) (alterations in original). " 'A complaint that is ... confusing makes it difficult for the defendant to file a responsive pleading and makes it difficult for the trial court to conduct orderly litigation ....'" *Scogin v. United States,* 33 Fed.Cl. at 293 (quoting *Vicom, Inc. v. Harbridge Merch. Servs., Inc.,* 20 F.3d 771, 775–76 (7th Cir. 1994)) (alterations in original and citations omitted); *see also Merritt v. United States,* 267 U.S. 338, 341, 45 S.Ct. 278, 69 L.Ed. 643 (1925) ("The petition may not be so general as to leave the defendant in doubt as to what must be met.") (citations omitted). "This latitude, however, does not relieve a *pro se* plaintiff from meeting jurisdictional requirements." *Bernard v. United States,* 59 Fed. Cl. 497, 499, *aff'd,* 98 Fed.Appx. 860, (Fed. Cir.2004), *reh'g denied* (2004).

■ Given plaintiff's *pro se* status, it is the obligation of the court to give the plaintiff the benefit of the doubt regarding the claims stated in the complaint. Although plaintiff's complaint is at times confusing, the pleadings contain sufficient allegations of fact such that plaintiff has stated a refund claim for the tax year 2000 upon which relief may be granted, if subsequently found appropriate. Moreover, contrary to defendant's assertion, the mere fact that the IRS previously refunded $2,017.00 to the plaintiff for the tax year 2000 does not render plaintiff's claim for an additional $6,711.00 refund one upon which relief may not be granted, if proven. Defendant's RCFC 12(b)(6) motion to dismiss plaintiff's claim for the 2000 tax year for failure to state a claim is **DENIED.**

Both parties have submitted matters outside the pleadings in defendant's motion to dismiss and in plaintiff's response. The rules of this court provide that, in such situations,

the RCFC 12(b)(6) motion shall be treated as one for summary judgment pursuant to RCFC 56. The court, however, considers the record submitted by the parties thus far to be insufficient for a merits determination of a motion pursuant to RCFC 56 regarding tax year 2000. The court, therefore, sets the following briefing **SCHEDULE** to address the tax year 2000 refund claim.

Defendant may file a comprehensive brief and attached appendix in support of a motion for summary judgment on or before **Friday, October 14, 2005**, with appropriate·analysis of the facts and the law and specific references to the attached appendix. Plaintiff may file her response and/or cross-motion for summary judgment on or before **Monday, November 14, 2005**, also with specific references to the facts, law, and the appendix, or any additional documents. Defendant may file its reply to plaintiff's response on or before **Wednesday, December 14, 2005**. Plaintiff may file her reply on or before **Monday, January 16, 2006**. The briefs filed by the parties shall address only tax year 2000; tax year 1999 has been dismissed for lack of jurisdiction.

**IT IS SO ORDERED.**