**Darlene R. ESPOSITO, Plaintiff,**

v.

**UNITED STATES, Defendant.**

**No. 05–475T.**

United States Court of Federal Claims.

March 27, 2006.

Darlene R. Esposito, Maywood, New Jersey, pro se.

W.C. Rapp, Attorney of Record, Tax Division; David Gustafson, Assistant Chief; Mildred L. Siedman, Chief, Court of Federal Claims Section; Eileen J. O'Connor, Assistant Attorney General, United States Department of Justice, Washington, DC, for the defendant.

## OPINION

HORN, Judge.

Plaintiff Darlene R. Esposito filed a *pro se* complaint to claim additional refunds on her 1999 and 2000 tax years. Plaintiff alleged that the Internal Revenue Service (IRS) had miscalculated her tax refund for the 1999 and 2000 tax years, and that she is owed $6234.00 for the 1999 tax year and $6711.00 for the 2000 tax year. In an earlier decision, this court dismissed plaintiff's 1999 tax year claim for lack of subject matter jurisdiction because that claim had already been reviewed, and rejected, by the United States Tax Court. *See Esposito v. United States*, 67 Fed.Cl. 704 (2005) (citing *Esposito v. Comm'r*, 88 T.C.M. (CCH) 311, 2004 WL 2181077 (2004)).[1] Because plaintiff's 2000 tax

1. As noted in the court's Order, dated September 20, 2005, plaintiff has filed no fewer than nineteen other actions in federal courts, all of which were dismissed. *See Esposito v. I.R.S.*, 2002 WL 31818480 (D.C.Cir. Dec.13, 2002); *Esposito v. United States*, 178 F.3d 1310 (Fed.Cir.1998) (affirming Court of Federal Claims RCFC 12(b)(1) dismissal of claim for termination of social security payments), *reh'g denied* (1999); *Esposito v. Shalala*, 9 F.3d 1540 (3d Cir.1993) (table), *cert. denied*, 513 U.S. 1113, 115 S.Ct. 906, 130 L.Ed.2d 789 (1995); *Esposito v. Comm'r*, No. 04-2196(HAA), 2005 WL 567314 (D.N.J.2005) (dismissing for lack of jurisdiction plaintiff's claim for additional refund for tax years 1996, 1997, and 1998) (citing the following cases, all from the District of New Jersey: *Esposito v. Citibank S.D.*, Civ. No. 01-6147 (filed Dec. 27, 2001);

*Esposito v. Cedar Oaks Care Facility*, Civ. No. 99-3537 (filed July 26, 1999); *Esposito v. Panebianco*, Civ. No. 98-3114 (filed July 2, 1998); *Esposito v. Sec'y, Health Humans Servs.*, Civ. No. 92-3586 (filed Aug. 25, 1992); *Esposito v. Juman & Juman Corp.*, Civ. No. 92-1 (filed Jan. 2, 1992); *Esposito v. Heritage Square at Rahway Inc.*, Civ. No. 90-4820 (filed Dec. 4, 1990); *Esposito v. Cent. Jersey Orthopedic Assocs.*, Civ. No. 90-3901 (filed Oct. 1, 1990); *Esposito v. Heritage Square Condo Ass'n, Inc.*, Civ. No. 90-2717 (filed July 16, 1990); *Esposito v. Bd. of Review*, Civ. No. 90-2532 (filed June 26, 1990); *Esposito v. All State Ins. Co.*, Civ. No. 90-1810 (filed May 7, 1990); *Esposito v. Juman*, Civ. No. 90-1609 (filed Apr. 18, 1990); *Esposito v. Tsekouras*, Civ. No. 90-1593 (filed Apr. 19, 1990); *Esposito v. Soc. Sec. Admin.*, Civ. No. 90-668 (filed Feb. 20, 1990));

year claim did not contain a similar jurisdictional defect, however, and the complaint properly stated a claim under 28 U.S.C. § 1346 (2000), this court denied the defendant's motion to dismiss the 2000 tax year claim. Defendant subsequently filed this motion for summary judgment, to which the plaintiff responded. As discussed below, plaintiff has failed to raise any genuine issue as to any material fact or produce any evidence in support of her claim for an additional refund for the 2000 tax year. Defendant's motion for summary judgment is granted.

## FINDINGS OF FACT

On April 16, 2001, plaintiff, Darlene R. Esposito, filed Form 1040A, "U.S. Individual Income Tax Return," for the 2000 tax year. On her Form 1040A, plaintiff reported $12,187.00 in "adjusted gross income," $4987.0 in "taxable income," $476.00 in "total tax," and $2735.16 in "Federal income tax withheld from Forms W2 and 1099." In support of her payments reported on Form 1040A, plaintiff attached three forms: Form W2, Form 1099DIV, and Form 1099R. Plaintiff's Form W2 listed no federal income tax withheld. Form 1099DIV listed $930.00 in federal income tax withheld. Form 1099–R listed $1805.16 in federal income tax withheld. Taken together, these three forms confirm that plaintiff had $2735.16 in federal income tax withheld for the 2000 tax year. Additionally, on her Form 1040A, plaintiff requested that $718.00 of her overpayment be transferred to the next tax period and the remainder be paid as a refund.

The IRS's Certificate of Official Record for plaintiff's 2000 tax year confirms that plaintiff had $2735.00 in federal income tax with-

held for the 2000 tax year. The Certificate of Official Record also indicates that, in accordance with plaintiff's request on her Form 1040A, $718.00 of the $2735.00 was transferred to the following tax year and the remainder, $2017.00, was paid to plaintiff as a refund on August 8, 2001. Plaintiff acknowledged receipt of the $2017.00 refund in her subsequent Form 843, "Claim for Refund and Request for Abatement." [2] Therefore, according to the Official Record, and plaintiff's own admission, the entire amount of plaintiff's 2000 tax year federal withholdings were either paid out or credited toward future tax payments.

Plaintiff's claim for an additional refund arises out of an alleged $7187.00 overpayment found on line 37 of Form 1040A, under "2000 estimated tax payments and amount applied from 1999 return." Totaling this alleged $7187.00 figure with the $2735.00 in demonstrated federal income tax withholdings, plaintiff claimed that her "total payments" to the IRS for the 2000 tax year were $9922.00. Subtracting her $476.00 in "total tax" from the alleged $9922.00 in "total payments," plaintiff claimed she "overpaid" by $9446.00. Plaintiff alleges that, after subtracting her $718.00 requested transfer to her 2001 estimated tax, her refund should have been $8728.00. Because she was awarded a refund of $2735.00, plaintiff alleges that she is owed an additional refund of $6,711.00.[3]

## DISCUSSION

As a preliminary matter, the court recognizes that the plaintiff is proceeding *pro se.* *Pro se* plaintiffs are to be provided more

---

*Esposito v. Comm'r,* 208 F.Supp.2d 44 (D.D.C. 2002) (dismissing plaintiff's claim for additional refund for tax years 1996, 1997, and 1998 for lack of jurisdiction); *Esposito v. Comm'r,* 81 T.C.M. (CCH) 1718 (2001) (ruling that plaintiff was not owed an additional refund on for tax years 1996, 1997, and 1998), *aff'd,* 64 Fed.Appx. 348 (3d Cir.2003).

**2.** Plaintiff's Form 843, signed February 19, 2003, was timely pursuant to I.R.C. § 6511(a) (2000), which sets out periods within which a taxpayer must claim for credit or refund. On her Form 843, plaintiff claimed that she was owed an additional refund of $20,421.17. In her subsequent submissions to this court, however, plaintiff only

alleges that she is owed an additional $6711.00 for the 2000 tax year.

**3.** Plaintiff appears to have miscalculated in arriving at the alleged $6711.00 additional refund figure. On her Form 1040A, plaintiff listed her overpayment as $9446.00. Subtracting the $718.00 credited transfer and $2735.00 awarded refund from $9446.00, the court concludes that plaintiff would be seeking $5993.00 in additional refund. As noted below, plaintiff has produced no evidence to support the alleged $9446.00 overpayment figure and, therefore, her miscalculation is harmless.

liberal construction of their pleadings. *See Haines v. Kerner,* 404 U.S. 519, 520–21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972) (requiring that allegations contained in a *pro se* complaint be held to "less stringent standards than formal pleadings drafted by lawyers"), *reh'g denied,* 405 U.S. 948, 92 S.Ct. 963, 30 L.Ed.2d 819 (1972); *see also Hughes v. Rowe,* 449 U.S. 5, 9–10, 101 S.Ct. 173, 66 L.Ed.2d 163 (1980); *Estelle v. Gamble,* 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976), *reh'g denied,* 429 U.S. 1066, 97 S.Ct. 798, 50 L.Ed.2d 785 (1977). The United States Court of Appeals for the Federal Circuit has similarly stated that "the pleadings of *pro se* litigants should be held to a lesser standard than those drafted by lawyers when determining whether the complaint should be dismissed for failure to state a claim because '[a]n unrepresented litigant should not be punished for his failure to recognize subtle factual or legal deficiencies in his claims.' " *Forshey v. Principi,* 284 F.3d 1335, 1357 (Fed.Cir.2002) (quoting *Hughes v. Rowe,* 449 U.S. at 15, 101 S.Ct. 173), *cert. denied,* 537 U.S. 823, 123 S.Ct. 110, 154 L.Ed.2d 33 (2002); *see also Durr v. Nicholson,* 400 F.3d 1375, 1380 (Fed.Cir.2005) ("pro se pleadings are to be liberally construed.") (citing *Hughes v. Rowe,* 449 U.S. at 9–10, 101 S.Ct. 173; *Forshey v. Principi,* 284 F.3d at 1357). However, "there is no 'duty [on the part] of the trial court ... to create a claim which appellant has not spelled out in his pleading ....' " *Scogin v. United States,* 33 Fed.Cl. 285, 293 (1995) (quoting *Clark v. Nat'l Travelers Life Ins. Co.,* 518 F.2d 1167, 1169 (6th Cir.1975)) (alterations in original). " 'A complaint that is ... confusing makes it difficult for the defendant to file a responsive pleading and makes it difficult for the trial court to conduct orderly litigation ....' " *Scogin v. United States,* 33 Fed.Cl. at 293 (quoting *Vicom, Inc. v. Harbridge Merch. Servs., Inc.,* 20 F.3d 771, 775–76 (7th Cir.1994)) (alterations in original and citations omitted); *see also Merritt v. United States,* 267 U.S. 338, 341, 45 S.Ct. 278, 69 L.Ed. 643 (1925) ("The petition may not be so general as to leave the defendant in doubt as to what must be met.") (citations omitted).

RCFC 56 is patterned on Rule 56 of the Federal Rules of Civil Procedure (Fed.R.Civ. P.) and is similar both in language and effect. Both rules provide that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." RCFC 56(c); Fed.R.Civ.P. 56(c); *see also Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247–48, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 157, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970); *Monon Corp. v. Stoughton Trailers, Inc.,* 239 F.3d 1253, 1257 (Fed. Cir.2001); *Avenal v. United States,* 100 F.3d 933, 936 (Fed.Cir.1996), *reh'g denied* (1997); *Creppel v. United States,* 41 F.3d 627, 630–31 (Fed.Cir.1994). A fact is material if it will make a difference in the result of a case under the governing law. Irrelevant or unnecessary factual disputes do not preclude the entry of summary judgment. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. at 247–48, 106 S.Ct. 2505; *see also Monon Corp. v. Stoughton Trailers, Inc.,* 239 F.3d at 1257; *Curtis v. United States,* 144 Ct.Cl. 194, 199, 168 F.Supp. 213, 216 (1958), *cert. denied,* 361 U.S. 843, 80 S.Ct. 94, 4 L.Ed.2d 81 (1959), *reh'g denied,* 361 U.S. 941, 80 S.Ct. 375, 4 L.Ed.2d 361 (1960).

When reaching a summary judgment determination, the judge's function is not to weigh the evidence and determine the truth of the case presented, but to determine whether there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. at 249, 106 S.Ct. 2505; *see, e.g., Ford Motor Co. v. United States,* 157 F.3d 849, 854 (Fed.Cir. 1998) (the nature of a summary judgment proceeding is such that the trial judge does not make findings of fact); *Johnson v. United States,* 49 Fed.Cl. 648, 651 (2001), *aff'd,* 317 F.3d 1331 (Fed.Cir.2003); *Becho, Inc. v. United States,* 47 Fed.Cl. 595, 599 (2000). The judge must determine whether the evidence presents a disagreement sufficient to require submission to fact finding, or whether the issues presented are so one-sided that one party must prevail as a matter of law. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. at 250–52, 106 S.Ct. 2505; *Jay v. Sec'y of Dep't*

of Health and Human Servs., 998 F.2d 979, 982 (Fed.Cir.), reh'g denied and en banc suggestion declined (1993). When the record could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial, and the motion must be granted. See, e.g., Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986); Hall v. Aqua Queen Mfg., Inc., 93 F.3d 1548, 1553 n. 3 (Fed.Cir.1996). In such a case, there is no need for the parties to undertake the time and expense of a trial, and the moving party should prevail without further proceedings. Summary judgment:

> saves the expense and time of a full trial when it is unnecessary. When the material facts are adequately developed in the motion papers, a full trial is useless. "Useless" in this context means that more evidence than is already available in connection with the motion for summary judgment could not reasonably be expected to change the result.

Dehne v. United States, 23 Cl.Ct. 606, 614–15 (1991) (citing Pure Gold, Inc. v. Syntex, Inc., 739 F.2d 624, 626 (Fed.Cir.1984)), vacated on other grounds, 970 F.2d 890 (Fed.Cir.1992); see also United States Steel Corp. v. Vasco Metals Corp., 55 C.C.P.A. 1141, 394 F.2d 1009, 1011 (C.C.P.A.1968).

Summary judgment, however, will not be granted if "the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable [trier of fact] could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. at 248, 106 S.Ct. 2505; Eli Lilly & Co. v. Barr Labs., Inc., 251 F.3d 955, 971 (Fed.Cir.2001), cert. denied, 534 U.S. 1109, 122 S.Ct. 913, 151 L.Ed.2d 879 (2002); Gen. Elec. Co. v. Nintendo Co., 179 F.3d 1350, 1353 (Fed.Cir. 1999). In other words, if the nonmoving party produces sufficient evidence to raise a question as to the outcome of the case, then the motion for summary judgment should be denied. Any doubt over factual issues must be resolved in favor of the party opposing summary judgment, to whom the benefit of all presumptions and inferences runs. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. at 587–88, 106 S.Ct. 1348;

Monon Corp. v. Stoughton Trailers, Inc., 239 F.3d at 1257; Wanlass v. Fedders Corp., 145 F.3d 1461, 1463 (Fed.Cir.), reh'g denied and en banc suggestion declined (1998).

The initial burden on the party moving for summary judgment to produce evidence showing the absence of a genuine issue of material fact may be discharged if the moving party can demonstrate that there is an absence of evidence to support the nonmoving party's case. Celotex Corp. v. Catrett, 477 U.S. 317, 325, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); see also Trilogy Communications, Inc. v. Times Fiber Communications, Inc., 109 F.3d 739, 741 (Fed.Cir.) (quoting Conroy v. Reebok Int'l, Ltd., 14 F.3d 1570, 1575 (Fed.Cir.1994)), reh'g denied and en banc suggestion declined (1997); Lockwood v. Am. Airlines, Inc., 107 F.3d 1565, 1569 (Fed.Cir.1997). If the moving party makes such a showing, the burden shifts to the nonmoving party to demonstrate that a genuine dispute regarding a material fact exists by presenting evidence which establishes the existence of an element essential to its case upon which it bears the burden of proof. See Celotex Corp. v. Catrett, 477 U.S. at 322, 106 S.Ct. 2548; Am. Airlines, Inc. v. United States, 204 F.3d 1103, 1108 (Fed.Cir.2000); see also Schoell v. Regal Marine Indus., Inc., 247 F.3d 1202, 1207 (Fed.Cir.2001).

■ In a tax refund case, there is a strong presumption of the correctness of the findings of the Commissioner of Internal Revenue. See United States v. Fior D'Italia, Inc., 536 U.S. 238, 243, 122 S.Ct. 2117, 153 L.Ed.2d 280 (2002) ("An 'assessment' amounts to an IRS determination that a taxpayer owes the Federal Government a certain amount of unpaid taxes. It is well established in the tax law that an assessment is entitled to a legal presumption of correctness—a presumption that can help the Government prove its case against a taxpayer in court."); Conway v. United States, 326 F.3d 1268, 1278 (Fed.Cir.), reh'g denied (2003) ("The ruling of the Commissioner of Internal Revenue enjoys a presumption of correctness and a taxpayer bears the burden of proving it to be wrong.") (quoting Transamerica Corp. v. United States, 902 F.2d 1540, 1543 (Fed.Cir.1990)); Lima Surgical Assocs., Inc.

*v. United States,* 944 F.2d 885, 888 (Fed.Cir. 1991) ("[D]eterminations of the Commissioner of Internal Revenue are presumptively correct.").

The taxpayer not only has the burden of rebutting the presumption of correctness, but also of establishing entitlement to the specific amount of the deduction claimed. *See United States v. Janis,* 428 U.S. 433, 440–441, 96 S.Ct. 3021, 49 L.Ed.2d 1046 (1976) ("In a refund suit the taxpayer bears the burden of proving the amount he is entitled to recover." (citing *Lewis v. Reynolds,* 284 U.S. 281, 52 S.Ct. 145, 76 L.Ed. 293 (1932)), *modified,* 284 U.S. 599, 52 S.Ct. 264, 76 L.Ed. 514 (1932)); *Helvering v. Taylor,* 293 U.S. 507, 515, 55 S.Ct. 287, 79 L.Ed. 623 (1935) ("Unquestionably the burden of proof is on the taxpayer to show that the Commissioner's determination is invalid."); *Welch v. Helvering,* 290 U.S. 111, 115, 54 S.Ct. 8, 78 L.Ed. 212 (1933) ("The Commissioner of Internal Revenue['s] . . . ruling has the support of a presumption of correctness, and the petitioner has the burden of proving it to be wrong.") (citing *Wickwire v. Reinecke,* 275 U.S. 101, 48 S.Ct. 43, 72 L.Ed. 184 (1927)); *Charron v. United States,* 200 F.3d 785, 792 (Fed.Cir.1999) ("Since the [plaintiffs] were seeking refunds of taxes they had paid, they have the burden of proving they are entitled to the amount sought."); *Danville Plywood Corp. v. United States,* 899 F.2d 3, 7–8 (Fed.Cir.1990); *Barenholtz v. United States,* 784 F.2d 375, 381 (Fed.Cir.1986); *Young & Rubicam, Inc. v. United States,* 187 Ct.Cl. 635, 654–55, 410 F.2d 1233, 1244–45 (1969).

■ To overcome the presumption, the taxpayer has the burden of presenting "substantial evidence as to the wrongfulness of the Commissioner's determination." *KFOX, Inc. v. United States,* 206 Ct.Cl. 143, 151–152, 510 F.2d 1365, 1369 (1975); *Arrington v. United States,* 34 Fed.Cl. 144, 147 (1995), *aff'd,* 108 F.3d 1393 (Fed.Cir.1997). The burden imposed on a plaintiff is both the burden of going forward and the burden of persuasion. Thus, a plaintiff first must come forward with enough evidence to support a finding contrary to the Commissioner's determination. *See Transamerica Corp. v. United States,* 902 F.2d at 1543; *Danville Plywood Corp. v. United States,* 899 F.2d at 7–8; *Arrington v. United States,* 34 Fed.Cl. at 147. Even after satisfying the burden of going forward, a plaintiff must still carry the ultimate burden of proof. *See Transamerica Corp. v. United States,* 902 F.2d at 1543; *Danville Plywood Corp. v. United States,* 899 F.2d at 8.

■ In the present case, defendant asserts that no evidence has been presented to support plaintiff's claim for an additional refund and moves for summary judgment in accordance with RCFC 56. In order to survive this motion, plaintiff must produce sufficient evidence to raise a genuine issue as to any material fact. Merely alleging a dispute over a material fact is not enough. Plaintiff's Form 1040A, supported by Form 1099–DIV and Form 1099–R, indicates that plaintiff had $2735.00 in federal withholdings for the 2000 tax year. Additionally, the Certificate of Official Record for plaintiff's 2000 tax year confirms that: (1) on April 15, 2001, $2735.00 was withheld; (2) on April 15, 2001, $718.00 was transferred to the next tax period; and (3) on August 27, 2001, $2017.00, the remainder of plaintiff's $2735.00 in federal withholdings, was refunded to plaintiff. In short, plaintiff's own Form 1040A, and the Certificate of Official Record, conclusively demonstrate that plaintiff was credited and paid all of the money owed to her for the 2000 tax year.

As noted above, the Certificate of Official Record is presumed to be correct unless plaintiff produces substantial evidence to prove it is wrong. For example, if plaintiff were to produce a check or credible financial statement which showed that plaintiff actually paid money to the defendant beyond the $2735.00 in federal withholdings, such evidence could be sufficient to rebut the presumption of correctness of the Certificate of Official Record and defeat the defendant's RCFC 56 motion. Despite given several opportunities to do so by this court, however, plaintiff has failed to provide competent evidence in order to rebut the presumption of correctness of the Certificate of Official Record sufficient to support her claim that she made an additional overpayment of $7187.00 and is owed an additional refund of $6711.00. Plaintiff's sole evidentiary support for her

alleged additional overpayment comes from two self-prepared forms, which plaintiff attached to her submission filed with this court on February 3, 2006: Form 8613 ("Return of Excise Tax on Undistributed Income of Regulated Investment Companies") and Form 8275 ("Registration Disclosure Statement"). Form 8613, which plaintiff prepared and dated three days after signing her Form 1040A, declares that plaintiff made an overpayment of $7597.10. Plaintiff's Form 8275 repeats the alleged overpayments mentioned on plaintiff's Form 8613 and 1040A. Neither form, however, presents any evidence that plaintiff actually paid any money to the defendant.[4]

The record before the court clearly demonstrates that defendant credited and paid plaintiff all $2735.00 of plaintiff's federal withholdings for the 2000 tax year. Ms. Esposito has failed to provide competent evidence to rebut the presumption of correctness of the Commissioner's determination and support her claim that she is owed an additional refund of $6711.00. The evidence is so one-sided that the court is left with the inescapable conclusion that there is no "genuine" issue of material fact, and no reasonable trier of fact could return a trial verdict for the plaintiff. Summary judgment for the defendant is warranted at this time. Plaintiff also is cautioned that her refund claims for the 1999 and 2000 tax years have been fully adjudicated in this court, the United States Tax Court, and other federal courts, and should not be the subject of future federal court filings.

## CONCLUSION

For the foregoing reasons, the defendant's motion for summary judgment is **GRANTED**. The clerk's office shall **DISMISS** the plaintiff's complaint, with prejudice, and enter **JUDGMENT** for the defendant.

**IT IS SO ORDERED.**

---

4. In this respect, the evidence provided to this court is similar to that confronted by the United States Tax Court when it rejected plaintiff's 1999 tax year claim. There, the Tax Court found that plaintiff's "self-serving" testimony and "unreliable" documentary evidence failed to satisfy her burden of proving that she made an overpayment. *Esposito v. Comm'r*, 88 T.C.M. (CCH) 311.